AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**V.**<br>DANIEL WAYNE GORMAN (1) | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number:   3:18-CR-04083-JAH |

Richard Deke Falls
Defendant's Attorney

F I L E D

JUL 14 2020

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

**USM Number**          71942-298

☐ –

THE DEFENDANT:

☒ pleaded guilty to count(s)    1 and 2 of the Superseding Information

☐ was found guilty on count(s) _____

after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title and Section / Nature of Offense** | **Count** |
|---|---|
| 21:841(a)(1); 21:853; 18:1029(c) - Distribution of Methamphetamine; Criminal Forfeiture | 1 |
| 18:1029(a)(3); 21:853; 18:1029(c) - Possession of Counterfeit or Unauthorized Access Devises | 2 |

The defendant is sentenced as provided in pages 2 through          7          of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)    Remaining counts          are    dismissed on the motion of the United States.

☒ Assessment : $100.00 imposed as to each count 1 and 2 for a total of $200.00 imposed

–

☐ JVTA Assessment*: $
–

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒ No fine          ☒ Forfeiture pursuant to order filed    10/17/2019          , included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

July 13, 2020
Date of Imposition of Sentence

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | DANIEL WAYNE GORMAN (1) | Judgment - Page **2** of **7** |
| CASE NUMBER: | 3:18-CR-04083-JAH | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 120 months as to Count 1s and and 60 months as to Count 2s to run consecutively for a total of 180 months

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒ The court makes the following recommendations to the Bureau of Prisons:

Incarceration in the Western region to accommodate family visitation
Residential Drug Abuse Program (RDAP)

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant must surrender to the United States Marshal for this district:

    ☐ at _____ A.M.     on _____

    ☐ as notified by the United States Marshal.

☐ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ on or before

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | DANIEL WAYNE GORMAN (1) | Judgment - Page **3** of **7** |
| CASE NUMBER: | 3:18-CR-04083-JAH | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of:
5 years as to Count 1s and 3 years as to Count 2s to run concurrently for a total of 5 years

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.

   ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)

4. ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | DANIEL WAYNE GORMAN (1) | Judgment - Page **4** of 7 |
| CASE NUMBER: | 3:18-CR-04083-JAH | |

## STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervised release, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation   officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | DANIEL WAYNE GORMAN (1) | Judgment - Page 5 of 7 |
| CASE NUMBER: | 3:18-CR-04083-JAH | |

## SPECIAL CONDITIONS OF SUPERVISION

1.  Not enter or reside in the Republic of Mexico without permission of the court or probation officer, and comply with both United States and Mexican immigration law requirements.
2.  Report all vehicles owned or operated, or in which you have an interest, to the probation officer.
3.  Submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The offender must warn any other occupants that the premises may be subject to searches pursuant to this condition.

    An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the offender has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.
4.  Provide complete disclosure of personal and business financial records to the probation officer as requested.
5.  Notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation until the fine or restitution is paid in full.
6.  Notify the Collections Unit, United States Attorney's Office, before transferring any interest in property owned, directly or indirectly, including any interest held or owned under any other name, or entity, including a trust, partnership or corporation.
7.  Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

//

AO 245S (CASD Rev. 08/13) Judgment in a Criminal Case

DEFENDANT: DANIEL WAYNE GORMAN
CASE NUMBER: 18-cr-04083-JAH

Judgment - Page 6 of 7

## RESTITUTION

The defendant shall pay restitution in the amount of      **$16,066.07**      unto the United States of America.


Pay restitution in the amount of **$16,066.07**, through to the Clerk, U.S. District Court, to:

Restitution shall be paid to the following victims in the specified amounts, pro rata:

| Victims | Amount |
|---|---|
| a. **J.P. Morgan Chase**<br>Fraud recovery Investigations<br>P.O. Box 781220<br>Detroit, MI 48278 | $14,876.28 |
| b. **Capital One Bank**<br>Specialty Investigations<br>P.O. Box 85582<br>Richmond, VA 23260<br>Case #136428 | $995.85 |
| c. **Bank of America**<br>P.O. Box 15730<br>Wilmington, DE, 19850 | $193.94 |

Defendant shall make a bona fide effort to pay restitution in full as soon as practicable.

After considering the factors set forth in 18 U.S.C. § 3664(f)(2), the Court finds that the Defendant has the ability to pay the restitution as set forth in the following payment schedule:

During any period of incarceration, Defendant shall pay restitution through the Inmate Financial Responsibility Program at the rate of 50% of Defendant's income, or $25.00 per quarter, whichever is greater.

Upon release from custody, Defendant shall pay restitution at the rate of at least $50 per month, subject to modification upon further agreement of the parties or order of the Court.

AO 245S (CASD Rev. 08/13) Judgment in a Criminal Case

DEFENDANT: DANIEL WAYNE GORMAN
CASE NUMBER: 18-cr-04083-JAH

Judgment - Page 7 of 7

This payment schedule does not foreclose the United States from exercising all legal actions, remedies, and process available to collect the restitution judgment, including but not limited to remedies pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A).

Defendant shall forward all restitution payments, by bank or cashier's check or money order payable to the "Clerk, U.S. District Court," to:

> Clerk of the Court
> United States District Court
> Southern District of California
> 333 West Broadway, Suite 420
> San Diego, CA 92101

The Court has determined that Defendant does not have the ability to pay interest. The interest requirement is waived pursuant to 18 U.S.C. 3612(f)(3)(A).]

Until restitution has been paid, Defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in Defendant's economic circumstances that might affect Defendant's ability to pay restitution no later than thirty days after the change occurs. *See* 18 U.S.C. § 3664(k).

Until restitution has been paid, Defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in mailing or residence address, no later than thirty days after the change occurs. *See* 18 U.S.C. § 3612(b)(1)(F).

1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT
9          SOUTHERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,              Case No.  18cr4083-JAH

11              Plaintiff,                 PRELIMINARY ORDER OF
                                           CRIMINAL FORFEITURE
12       v.

13  DANIEL WAYNE GORMAN,

14              Defendant.

15

16       WHEREAS, in the Superseding Information, the United States sought
17  forfeiture of all right, title and interest in specific properties of Defendant DANIEL
18  WAYNE GORMAN ("Defendant"), pursuant to Title 21, United States Code,
19  Section 853 and Title 18, United States Code, Section 1029(c), as properties used or
20  intended to be used to commit or to facilitate the commission of the violations of
21  Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code,
22  Section 1029(a)(3), as charged in the Superseding Information; and

23       WHEREAS, on or about January 31, 2019, Defendant pled guilty before
24  U.S. Magistrate Judge Andrew G. Schopler to Counts 1 and 2 of the Superseding
25  Information, which pleas included consents to the forfeiture allegations of the
26  Superseding Information, including forfeiture of the following properties pursuant to
27  21 U.S.C. § 853 and 18 U.S.C. § 1029(c):

28            (1)    Approximately nine (9) Laptop Computers

1    (2)    Approximately one (1) Desktop Computer

2    (3)    Approximately eight (8) card readers/encoders

3    (4)    Camera

4    (5)    Embossing machine

5    (6)    Tipping machine

6    (7)    One tablet

7    (8)    Approximately fifty-seven (57) electronic storage devices

8    (9)    Box of blank checks

9    (10)    Approximately four ( 4) gun accessories

10    (11)    Two passports

11    (12)    Approximately five-hundred forty (540) counterfeit
12             credit cards

13    (13)    Approximately six hundred ninety six (696) blank
14             credit cards

15    (14)    Approximately one-hundred eleven(111) plastic cards
16             with magnetic stripe

17    (15)    Approximately seventy-one (71) plastic cards

18    (16)    Approximately nine (9) plastic cards with EMV chips

19    (17)    Approximately seventy-one (71) counterfeit state
20             identification cards

21    (18)    Approximately six (6) counterfeit federal identification cards

22    (19)    Approximately two (2) counterfeit identification cards

23    (20)    Approximately ten (10) counterfeit social security cards

24    (21)    Approximately nine (9) miscellaneous identification cards

25    (22)    Approximately sixty (60) gift cards

26    (23)    Approximately two (2) Blue Apron/Store cards

27    (24)    Approximately forty-six (46) access cards

28    (25)    Approximately two (2) stamps

(26)   Labels

(27)   Western Union card

(28)   Approximately seven (7) notebooks

(29)   Approximately two (2) checkbooks

(30)   Two (2) computer disks

(31)   CD

(32)   Five envelopes

(33)   Two documents containing  personal information

(34)   Card holder

(35)   Box containing credit cards

(36)   Bag of miscellaneous cards

(37)   Trash bag of documents

(38)   Apple trackpad

(39)   Backpack

(40)   Luggage

(41)   Portfolio

(42)   Assorted electrical hardware

(43)   Label maker

(44)   Weapon lock

(45)   Box of keys

(46)   SATA HDD station

(47)   Wireless keyboard

(48)   Magnetic strips

(49)   Pack of laminate

(50)   Black case

(51)   Holographic image

(52)   Wallet; and

//

1    WHEREAS, on April 17, 2019 this Court accepted the guilty pleas of
2  Defendant; and

3    WHEREAS, by virtue of the facts set forth in the plea agreement and financial
4  addendum, the United States has established the requisite nexus between the forfeited
5  properties and the offenses of conviction; and

6    WHEREAS, by virtue of said guilty pleas, the United States is now entitled to
7  possession of the above-referenced properties, pursuant to 21 U.S.C. § 853, 18 U.S.C.
8  § 1029(c) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

9    WHEREAS, pursuant to Rule 32.2(b), the United States having requested the
10  authority to take custody of the above-referenced properties which are hereby found
11  forfeitable by the Court; and

12    WHEREAS, the United States, having submitted the Order herein to the
13  Defendant through his attorney of record, to review, and no objections having been
14  received;

15    Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

16    1.    Based upon the guilty pleas of the Defendant, the United States is hereby
17  authorized to take custody and control of the following assets, and all right, title and
18  interest of Defendant DANIEL WAYNE GORMAN in the following properties are
19  hereby forfeited to the United States pursuant to Title 21, United States Code, Section
20  853 and Title 18, United States Code, Section 1029, for disposition in accordance
21  with the law, subject to the provisions of 21 U.S.C. § 853(n):

22         (1)    Approximately nine (9) Laptop Computers
23         (2)    Approximately one (1) Desktop Computer
24         (3)    Approximately eight (8) card readers/encoders
25         (4)    Camera
26         (5)    Embossing machine
27         (6)    Tipping machine
28         (7)    One tablet

-4-                          18cr4083

(8)   Approximately fifty-seven (57) electronic storage devices

(9)   Box of blank checks

(10)  Approximately four ( 4) gun accessories

(11)  Two passports

(12)  Approximately five-hundred forty (540) counterfeit credit cards

(13)  Approximately six hundred ninety six (696) blank credit cards

(14)  Approximately one-hundred eleven(111) plastic cards with magnetic stripe

(15)  Approximately seventy-one (71) plastic cards

(16)  Approximately nine (9) plastic cards with EMV chips

(17)  Approximately seventy-one (71) counterfeit state identification cards

(18)  Approximately six (6) counterfeit federal identification cards

(19)  Approximately two (2) counterfeit identification cards

(20)  Approximately ten (10) counterfeit social security cards

(21)  Approximately nine (9) miscellaneous identification cards

(22)  Approximately sixty (60) gift cards

(23)  Approximately two (2) Blue Apron/Store cards

(24)  Approximately forty-six (46) access cards

(25)  Approximately two (2) stamps

(26)  Labels

(27)  Western Union card

(28)  Approximately seven (7) notebooks

(29)  Approximately two (2) checkbooks

(30)  Two (2) computer disks

( 31)  CD

18cr4083

1      (32)   Five envelopes

2      (33)   Two documents containing personal information

3      (34)   Card holder

4      (35)   Box containing credit cards

5      (36)   Bag of miscellaneous cards

6      (37)   Trash bag of documents

7      (38)   Apple trackpad

8      (39)   Backpack

9      (40)   Luggage

10      (41)   Portfolio

11      (42)   Assorted electrical hardware

12      (43)   Label maker

13      (44)   Weapon lock

14      (45)   Box of keys

15      (46)   SATA HDD station

16      (47)   Wireless keyboard

17      (48)   Magnetic strips

18      (49)   Pack of laminate

19      (50)   Black case

20      (51)   Holographic image

21      (52)   Wallet.

22    2.      The aforementioned forfeited assets are to be held by the United States

23 Secret Service in its secure custody and control.

24    3.      Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized

25 to begin proceedings consistent with any statutory requirements pertaining to

26 ancillary hearings and rights of third parties. The Court shall conduct ancillary

27 proceedings as the Court deems appropriate only upon the receipt of timely third

28 party petitions filed with the Court and served upon the United States. The Court

1  may determine any petition without the need for further hearings upon the receipt of
2  the Government's response to any petition. The Court may enter an amended order
3  without further notice to the parties.

4      4.    Pursuant to the Attorney General's authority under Section 853(n)(1) of
5  Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the
6  Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions,
7  the United States forthwith shall publish for thirty (30) consecutive days on the
8  Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of
9  the United States' intent to dispose of the properties in such manner as the Attorney
10 General may direct, and notice that any person, other than the Defendant, having or
11 claiming a legal interest in the above-listed forfeited properties must file a petition
12 with the Court within thirty (30) days of the final publication of notice or of receipt of
13 actual notice, whichever is earlier.

14     5.    This notice shall state that the petition shall be for a hearing to
15 adjudicate the validity of the petitioner's alleged interest in the property, shall be
16 signed by the petitioner under penalty of perjury, and shall set forth the nature and
17 extent of the petitioner's right, title or interest in the forfeited property and any
18 additional facts supporting the petitioner's claim and the relief sought.

19     6.    The United States shall also, to the extent practicable, provide direct
20 written notice to any person known to have alleged an interest in the properties that
21 are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for
22 published notice as to those persons so notified.

23     7.    Upon adjudication of all third-party interests, this Court will enter an
24 Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the above-
25 referenced assets, in which all interests will be addressed.

26 //
27 //
28 //

1    8.    Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final
2  as to the Defendant at the time of sentencing and is part of the sentence and included
3  in the judgment.

4  DATED: October 16, 2019

5                                              Hon. John A. Houston
                                               United States District Judge
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 8 -                              18cr4083